The **SLAVENBURG CORPORATION,**
Plaintiff-Appellant,

v.

**BOSTON INSURANCE COMPANY,**
Defendant-Appellee.

No. 216, Docket 28431.

United States Court of Appeals
Second Circuit.

Argued Jan. 7, 1964.

Decided May 26, 1964.

See also 30 F.R.D. 123.

Garfield, Salomon & Mainzer, New York City (Joseph M. Cohen and Edward Garfield, New York City, of counsel), for plaintiff-appellant.

Bigham, Englar, Jones & Houston, New York City (Vincent L. Leibell, Jr., Martin P. Detels and Joseph J. Magrath, 3rd, New York City, of counsel), for defendant-appellee.

Before MOORE, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

Plaintiff appeals from a judgment of the district court which dismissed the complaint after a jury verdict in favor of defendant. The suit was brought to recover the insured value of a shipment of Volkswagen automobiles

lost at sea, alleged to be covered by a marine open policy issued to plaintiff by defendant. It is plaintiff's principal theory that the policy as a matter of law automatically covered shipments of all commodities in which plaintiff had an insurable interest, regardless of whether they were included in the policy rate schedule or whether rates were otherwise agreed upon. This question and other issues were properly left for the jury to resolve. The judgment appealed from must be affirmed.

Clause 4 states that the policy in question was to insure "lawful goods and merchandise of every kind and description consisting principally of nail polish, cosmetics, and other merchandise incidental to the business of the Assured (excluding risks which are insured under Open Policy #61983)."[1] Premiums were set at "the rate or rates hereinafter stated * * *" in the rate schedule, which was physically a part of the policy. While that schedule did list cosmetic items as well as other unrelated commodities, there was nothing therein resembling a Volkswagen. Furthermore, plaintiff offered in evidence the application for the insurance in dispute on the theory "that the parties intended to, if it became necessary, obtain rates for anything that was not specifically mentioned in the rate schedule, that they would agree upon those rates." Noting that the policy's "Goods Insured" Clause was "not self-explanatory," the court admitted the application to "show the purpose and intent of the parties as to whether or not the coverage extended to the * * * subject matter of the present law suit." A reading of the policy and application thus did not leave the meaning of the agreement free from ambiguity; and, resort to trade custom and the course of dealings between the parties only added to the uncertainty.

For example, defendant adduced evidence that 70 per cent of plaintiff's Volkswagen shipments had not been declared under the policy and that plaintiff had attempted to place the very shipment in dispute with another insurer.

■ Plaintiff's alternative theory is that subsequent agreement upon goods (i. e., Volkswagens) not included in the rate schedule constituted an amendment thereof and that once such goods were rated, coverage of subsequent shipments was automatic. This construction of the policy was contested by defendant and was properly left for jury determination.

■ As an affirmative defense, defendant alleged that plaintiff had failed to comply with the provisions of the policy's reporting clause and hence that there had been a forfeiture of all rights under the policy. Plaintiff claims error in permitting this defense to go to the jury, contending as a matter of law that there was no basis for forfeiture and in any event that defendant had waived its right to forfeit the policy. Here, too, the facts were largely disputed. For instance, the parties took different views of the period of time within which a shipment might be reasonably reported, of whether plaintiff had wilfully delayed in reporting and of the import of the C. I. F. clause. Moreover, under the circumstances disclosed, there was no error in letting the waiver issue go to the jury.

We have considered each of the many claims of reversible error in plaintiff's brief, and find that alone or collectively they do not warrant reversal. The jury was adequately instructed on the law and it was its function to resolve the numerous and difficult factual contentions presented.

Judgment affirmed.

1. Open Policy #61983 had a similar Goods Insured Clause: "lawful goods and merchandise of every kind and description consisting principally of Chocolats and Chocolat Products and other merchandise incidental to the business of the Assured." Although this "chocolat" policy had been transferred before plaintiff's interest in these Volkswagens arose, it had been in effect when the policy in suit was issued.